UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

BRANDY N. HARLESS )
 )
v. ) NO. 2:05-CV-27
 )
JO ANNE B. BARNHARDT, )
Commissioner of Social Security )

## MEMORANDUM OPINION

The plaintiff Brandy N. Harless has filed a motion for summary judgment on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying her application for supplemental security income under the Social Security Act. The defendant has also filed a motion for summary judgment.

Ms. Harless was born in 1983 and was 21 years old at the time of her administrative hearing. [Tr. 15, 123]. She completed her General Education Development [GED] degree and has no relevant past work experience. [Tr. 15]. Ms. Harless alleges she is disabled as of April 17, 2003, from Ollier's disease, right foot amputation, a fractured hip, pain, and scoliosis. [Tr. 15, 127]. Based upon a finding that her severe impairment was not severe enough, the Administrative Law Judge [ALJ] found that Ms. Harless was not disabled as defined by the Social Security Act.

[Tr. 15-16].

Ms. Harless' testimony was received into evidence at her administrative hearing held on March 20, 2004. [Tr. 122-29]. Ms. Harless described her condition of Ollier's disease as "a disease where tumors grow, and it affects, it can affect more than one bone, but it usually affects like your longest ones, like in your leg, and it makes it very weak, and then tumors form which can give you cancer later on." [Tr. 123]. Her tumors are benign, but that status can change at any time, according to Ms. Harless. [*Id.*]. Ms. Harless has tumors on her femur, left knee, finger, and shoulders. [Tr. 124]. She explained that it is difficult for her to sit because her knee does not bend properly. [Tr. 125]. Ms. Harless is able to help with light housework and occasional meal preparation. [Tr. 126].

The ALJ ruled that Ms. Harless was not disabled because, while he believed she has a severe impairment that imposes significant work restrictions, he found the medical record did not support a severity to meet and/or equal the requirements for disability. [Tr. 15-16]. The ALJ then found Ms. Harless could perform a full range of sedentary work. [Tr. 16].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a

2

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Harless requests summary judgment and challenges the ALJ's finding that her right foot amputation was not a severe impairment. Ms. Harless received a new prosthesis for her right lower leg in May 2003. [Tr. 89]. She ambulated smoothly with the prosthesis at its initial fitting. [*Id.*]. And, less than one week later, Ms. Harless reported being able to walk in grassy areas and climb stairs. [*Id.*]. About a month later, her gait was "now quite smooth" and she was no longer using crutches. [Tr. 88]. In addition, Ms. Harless testified at the administrative hearing that she was able to help her family with light housework and occasionally help to prepare meals. [Tr. 126]. Ms. Harless has argued that common sense "would dictate that a missing right foot would adversely affect a person's ability to perform basic work activities" and, therefore, her right foot amputation was a severe impairment. Ms. Harless, however, is fitted with a prosthesis which allows her to ambulate smoothly and

3

without the need for additional ambulatory assistance. As such, her ability to perform basic work activities is not compromised. The ALJ's decision that Ms. Harless' right foot amputation was not a severe impairment was based on substantial evidence.

Ms. Harless also claims the ALJ failed to consider her impairments in combination. Impairments have been considered in combination when the ALJ refers to them in the plural (i.e., impairments), focuses the claimant's RFC on more than one impairment, and asks a hypothetical question that encompasses the impairments. *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The ALJ never referred to Ms. Harless' impairments (more than one) in his decision. The ALJ focused Ms. Harless' RFC solely on her musculoskeletal impairment. [Tr. 16]. Finally, a vocational expert did not testify at Ms. Harless' administrative hearing. Based on the Sixth Circuit framework, the ALJ did not consider Ms. Harless' impairments in combination. However, this error is harmless because, as this court addressed above, Ms. Harless only had one impairment to consider. This court agrees with the ALJ's assessment that Ms. Harless' only severe impairment is her musculoskeletal impairment.

Finally, Ms. Harless contends the ALJ erred in finding she could perform a full range of sedentary work. According to 20 CFR § 416.967, sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles

like docket files, ledgers, and small tools." In 2003, a state agency physician found Ms. Harless could occasionally lift/carry 10 pounds and frequently lift/carry less than 10 pounds. [Tr. 93]. She could also stand/walk for at least two hours in an eight-hour workday and sit for about six hours in an eight-hour workday. [*Id.*]. In addition, Ms. Harless testified that she was able to help with light housework and occasional meal preparation. [Tr. 126]. And, Ms. Harless' orthopedic oncologist did not provide her any limitations in 2003 and recommended only that she return to see him in one year. [Tr. 102]. For her pain, she was to continue to take over-the-counter anti-inflammatory medications and strengthen her calf muscles. [*Id.*]. All of the above evidence indicates the ALJ had substantial evidence to support his RFC finding for Ms. Harless.

After careful consideration of the entire record of proceedings related to this case, Ms. Harless' motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

    ENTER:

        s/Thomas Gray Hull
        THOMAS GRAY HULL
          SENIOR U. S. DISTRICT JUDGE